**Melvin PERKINS**

v.

**U. S. LINES.**

No. 4205.

United States District Court
D. Maryland.
Nov. 16, 1960.

Melvin Perkins, pro se, libelant.

William A. Grimes, Ober, Williams, Grimes & Stinson, Baltimore, Md., proctors for respondent.

**THOMSEN, Chief Judge.**

Time cannot wither though custom has staled the infinite variety of the actions filed by Perkins since his seaman's license was revoked in 1955.[1] He filed this libel against United States Lines, under 46 U.S.C.A. §§ 594 and 596, alleging that on or about March 23, 1956,[2] he signed articles and shipped as a seaman on the S.S. American Leader, but five hours later, before the vessel left the dock, he was discharged. Libelant claims one month's pay or one day's pay as the court may rule. A similar libel claiming the same and additional damages was filed in the Southern District of New York, A 188–87, and was dismissed with prejudice on June 5, 1957, after a trial before Judge Levet, who filed an opinion containing his findings of fact and conclusions of law.

■ Respondent has filed exceptions to the libel herein, claiming that it is barred by laches and by the final decree of the Southern District. Libelant seeks to avoid the charge of laches and the effect of that decree by stating that he entered the Spring Grove State Hospital for the mentally ill some time between May 23, 1957, when his trial before Judge Levet was concluded, and June 5, 1957, when the final decree in that case was entered. That fact, if true, would not support an attack in this court on the decree of the Southern District. The only docket entry in that case after the final decree reads as follows: "June 26–57. Filed lib'ts application for new trial with memo endorsed. Motion for a new trial denied. So ordered. Levet, J." [3]

■ The final decree of the Southern District is res adjudicata and bars the claim alleged in the libel herein. The exception to the libel based on that decree must be sustained. It is not necessary to pass on the other exceptions, charging laches and harassment.

The libel is hereby dismissed.

---

1. In Perkins v. United States Lines, A 188–87, S.D.N.Y., Judge Levet found that some time before July 28, 1955, libelant's license was revoked and that the revocation was sustained and affirmed by the order of the Examiner of the Coast Guard and by the Commandant on appeal, the affirmation being dated July 28, 1955. See also Perkins v. United States Coast Guard, Civil No. 8605, D.Md., on which Judge Watkins labored for days.

2. The libel alleges 1957, but this was clearly and admittedly an error.

3. Certified copies of orders of the Second Circuit dated June 27, 1957, denying motions made by Perkins in four cases, including one entitled Melvin Perkins v. United States Lines Co., were filed by respondent herein. On oral motion of libelant they are stricken from the record, because it does not appear that they deal with the case which had been heard by Judge Levet.